IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) FIX MY PHONE PLUS FRANCHISE, LLC**, an Oklahoma limited liability company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-24-951-JD |
| **(2) HYRES DEVELOPMENTS, LLC**, a Texas limited liability company; | )<br>)<br>)<br>) |
| Defendant. | ) |

## **COMPLAINT**

The plaintiff, Fix My Phone Plus Franchise, LLC ("FMPP"), for its Complaint against the defendant, Hyres Developments, LLC ("Defendant"), alleges and states as follows:

## **NATURE OF THIS ACTION**

1. This is an action seeking injunctive relief against Defendant for breach of its franchise agreements, trademark and trade dress infringement, and unlawful competition with FMPP. The franchise agreements at issue contain arbitration provisions as well as provide FMPP the right to seek injunctive relief from a court in addition to the relief sought by Arbitration. Accordingly, this is an action for injunctive relief.

## **PARTIES**

2. FMPP is an Oklahoma limited liability company doing business in Oklahoma County, Oklahoma.

3. Defendant Hyres Developments, LLC is a Texas limited liability company, operating two franchise locations for FMPP, one located in Bexar County, Texas and one in Guadalupe County, Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 as to those state law claims that are set forth and so related that they form a part of the same case or controversy.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and the parties Franchise Agreement.

## BACKGROUND

6. FMPP realleges and incorporates herein each proceeding paragraph of this Complaint.

7. FMPP offers franchises for "Fix My Phone Plus" stores, which principally offer and sell repair services and devices relating to computers, smartphones, tablets, gaming consoles, and other electronic equipment, as well as other related services and ancillary products, including a program for accepting used mobile and other electronic devices in exchange for payment and for purposes of resale, repurchase of parts, and cell service.

8. As part of its franchise offering, FMPP licenses and requires franchisees to utilize its "Fix My Phone Plus" trademark (both a word and design mark) (the "trademark"), along with FMPP's trade dress and trade secrets, in their advertising, store signage, and look and feel of the interior of the stores.

9. FMPP has used the trademark "Fix My Phone Plus," and its distinctive trade dress, in association with the repair and sale of consumer electronics since at least as early as September 2011.

10. FMPP has incorporated its "Fix My Phone Plus" trademark in conjunction with its products, services, business, franchises, and advertisements for the same within Oklahoma and throughout the United States. FMPP has similarly used its incorporated its distinctive trade dress in conjunction with its products, services, business, and franchises. Due to the widespread and extensive use of its trademark and trade dress, and FMPP's control over the nature and quality of its products and services thereunder, and substantial sales as a result thereof, FMPP has built up an excellent reputation and valuable goodwill in and to its trademark and trade dress. An exemplar of FMPP's trademark is depicted below.



11. FMPP and the Defendant entered into two Franchise Agreements (the "Agreements") for stores located in the San Antonio, Texas area. Both stores, one located at 513 Cibolo Valley Drive, Suite 131, Cibolo, TX, (the "Cibolo Store") and the other located at 13909 Nacogdoches Road, Suite 116, San Antonio, TX, (the "San Antonio Store") was operated by Defendant. The Operating Principal for both franchise locations is the same individual, Andrew Hyres.

12. Apart from the "Franchisee Notice Address" differing with respect to the location for each Store, the Agreements mirror each other.

13. Defendant incurably breached each Agreement with FMPP, thereby terminating both Agreements.

14. Section 14.3 of the Agreements provides that the "Company may, at its option, terminate this Agreement and all rights granted hereunder, without affording Franchisee any opportunity to cure the default" upon certain actions of the Franchisee. Incurable defaults justifying immediate termination include Section 14.3.1, "[i]f Franchisee shall abandon the Licensed Store"; Section 14.3.6, if Franchisee "understated . . . or withheld the reporting of [Gross Sales]"; and Section 14.3.7, if Franchisee "misuses or makes any unauthorized use of the Marks or otherwise materially impairs the goodwill associated therewith or Company's rights therein," including "unauthorized use . . . of the Trade Secrets."

15. Defendant breached Section 14.3.1 of the Franchise Agreement by abandoning the San Antonio Store and franchise, forcing the Company to step in and assume control of its operation. In addition, Defendant failed to report or underreported the financials for the Cibolo Store in derogation of Section 14.3.6 of the Agreement.

16. As a result of the incurable breaches, the use and display of any of the Company's Marks, trade name, logos, other commercial symbols and/or the use of protected Trade Secrets is unlawful, unauthorized, and constitutes Intellectual Property Misuse under Section 14.3.7 of the Agreement.

17. In addition to these incurable defaults, Defendant further breached the Agreements by, inter alia, the failure to pay royalties, failure to adhere to the System, failure to maintain inventory levels, failure to adequately and continually maintain

staff and management training, failure to submit bookkeeping and accounting records, gross overstaffing, excessive compensation, and a lack of on-site managerial oversight, constituting breach of the following provisions of the Agreements:

> Breach of Section 4.2 of the Franchise Agreements for failure to pay Continuing Royalty fees to Franchisor.
>
> Breach of Section 4.3 of the Franchise Agreement for failure to pay Technology and Customer Support Fees.
>
> Breach of Section 4.4 of the Franchise Agreement for failure to pay Advertising Fees.
>
> Breach of Section 4.8 of the Franchise Agreement for failure to pay Interest and Charges for Late Payments.
>
> Breach of Section 6.3 of the Franchise Agreement for failure to complete and maintain adequate training for staff and management.
>
> Breach of Section 7.3 of the Franchise Agreement by not using the Information Systems specified in Manuals in accordance with System Standards.
>
> Breach of Section 7.4 of the Franchise Agreement by failing to participate in the System and operate your Licensed Stores in strict compliance with the System Standards.
>
> Breach of Section 10 of the Franchise Agreement for failure to provide financial and operation information, including under-report financial information, as well as using the Company's customer lists without paying the required license fee.
>
> Breach of Section 11 of the Franchise Agreement by unlawfully using the Company's Marks and/or trade dress.
>
> Breach of Section 12.1 of the Franchise Agreement by unlawfully competing with the Company after abandonment of the San Antonio Store.
>
> Breach of Section 12.2 of the Franchise Agreement by continuing to use Company Trade Secrets without paying the required royalty and other fees.

18. Despite termination of the Agreements and the failure to pay licensing fees for FMPP's trademark, trade dress and franchise System, Defendant continues to use FMPP's trademark, trade dress, and System at the Cibolo Store location.

## COUNT I
## BREACH OF CONTRACT

19. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

20. The Agreements are a valid, enforceable contract between FMPP and Defendant.

21. Defendant breached the Agreements for the reasons and in the manner set forth above.

22. Section 15.1 of the Agreements provides that, upon termination, Defendant shall cease to use all trade secrets, trademarks, trade names, logotypes, or other commercial symbols or insignia.

23. Defendant continues to use FMPP's and trade dress in the manner described above, in breach of the Agreements.

24. The foregoing represents material, incurable breaches of the Agreements, and FMPP has performed all conditions precedent and has not excused the breaches.

25. As a direct and proximate result of the breaches, FMPP is being damaged by the continuing use of its trademark and trade dress by Defendant.

26. Upon information and belief, Andrew Hyres has commanded, directed, advised, encouraged and/or controlled the aforementioned breaches, thereby constituting aiding and abetting under Oklahoma law, making him liable for the breaches.

27. The breaches have and will continue to cause FMPP damage unless enjoined.

## COUNT II
## VIOLATION OF THE LANHAM ACT

28. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

29. The FMPP trademark and trade dress are valid and protectable and owned by FMPP.

30. Defendant's use of the trademark and trade dress and/or marks and trade dress that is confusingly similar thereto in association with Defendant's continued services and products after termination of the Franchise Agreements and licenses to use FMPP's trademark and trade dress terminated, is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, and sponsorship of Defendant's products, and to mislead the public into believing that Defendant is and remains affiliated, connected, and/or associated with FMPP, and/or that Defendant's products originate from, are sponsored by, are endorsed by, and/or are somehow approved by FMPP, all in violation of 15 U.S.C. § 1125(a).

31. Defendant's activities have caused and will cause irreparable harm to FMPP for which it has no remedy at law such that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the products provided by Defendant.

32. Any infringement by Defendant constitutes an interference with FMPP's goodwill and customer relationships. As a result, FMPP is entitled to an injunction prohibiting Defendant's use of the FMPP's trademark and trade dress.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

33. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

34. Defendant's use of the FMPP trademark and/or marks confusingly similar thereto in association with Defendant's products and services infringes on FMPP's rights in and to its trademarks and is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin and sponsorship of Defendant's products and services, and to mislead the public into believing that Defendant is affiliated, connected, and/or associated with FMPP, and/or that Defendant's products and services originate from, are sponsored by, are endorsed by, and/or are somehow approved by FMPP.

35. Defendant's activities have caused and will cause irreparable harm to FMPP for which it has no remedy at law so that if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the products provided by Defendant.

36. Any infringement by Defendant constitutes an interference with FMPP's goodwill and customer relationships. As a result, FMPP is entitled to an injunction prohibiting Defendant's use of the FMPP's trademark and trade dress.

## COUNT IV
## DECEPTIVE TRADE PRACTICES

37. FMPP re-alleges and incorporates by reference the allegations contained in each preceding paragraph.

38. Defendant has, in the course of business and through the above-described acts, willfully and falsely associated Defendant's goods with FMPP and/or the FMPP

trademark in violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 et seq., including (without limitation) § 53(A)(1), (A)(2), (A)(3) and/or (A)(5).

39.     As a result of Defendant's unlawful conduct, FMPP has been and will continue to be damaged.

40.     Defendant's activities have caused and will cause irreparable harm to FMPP for which FMPP has no remedy at law in that, if Defendant's wrongful conduct continues, customers and others are likely to become further confused as to the source of the products provided by Defendant, constituting an interference with FMPP's goodwill and customer relationships. As a result, FMPP is entitled to an injunction prohibiting Defendant's further violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51 et seq.

41.     FMPP are further entitled to recover their attorneys' fees and costs in seeking such injunction.

**WHEREFORE**, FMPP prays for the Court to enter judgment in its favor as follows:

A.  Judgment be entered in favor of FMPP against the Defendant as to each of the above counts;

B.  FMPP be granted specific performance of the Franchise Agreement, and that Defendant (and all persons acting in concert with them) be enjoined from engaging in further acts in breach of the Franchise Agreements, including enjoined from use of FMPP's trademark, trade dress, and return of FMPP's trade secrets, including customer lists;

C.  Defendant, together with any and all officers, directors, agents, employees, representatives, and any other persons acting in concert with any of them, be enjoined from engaging in further acts of trademark infringement and unfair competition;

D.  Defendant, and all persons acting in concert with them, be enjoined from engaging in further acts of deceptive trade practices;

E.  Defendant be ordered to pay all FMPP's costs and reasonable attorneys' fees;

F.  FMPP be granted all other legal and equitable relief as this Court may deem appropriate and just.

Respectfully submitted,

*/s/ Michael D. McClintock*

Michael D. McClintock, OBA#18105
McClintock Law
916 NW 14th Street
Oklahoma City, Oklahoma  73106
Telephone:   (405) 740-8513
michael@mcclintock-law.com
**Attorneys for Plaintiff FMPP**